Russell *v.* Allard.

---

---

## RUSSELL *v.* ALLARD.

Notice to quit, under the provisions of chapter 209 of the Revised Statutes, need not assign any reason for which the landlord claims to terminate the tenant's occupation.

One who has been permitted to occupy real estate as a tenant, cannot, while he remains in possession, dispute the landlord's title, but may show that it has terminated.

Whether one has acquiesced in an arbitration, in which his own land was in dispute between one claiming under him and a stranger, so as to be bound by it, is a question of fact. Proof that he attended the arbitration as a witness, and that he did not, on that occasion, object to the proceeding, is not, in law, proof of such acquiescence.

COMPLAINT, under chapter 209 of the Revised Statutes, commenced before a justice of the peace, and brought to the court of common pleas upon a plea of soil and freehold.

The plaintiff offered evidence to show that the house in controversy stands upon what is called the Bickford lot; that some time in the spring of 1836 he repaired the fence around the premises, and let the house to the defendant, who soon after entered, and in the fall settled and paid the plaintiff about six dollars for the rent, and has remained in the occupation ever since.

Soon after the defendant entered, the plaintiff agreed to sell the Bickford lot to Thomas Russell, his brother, and gave him a writing which stated the terms on which he was to have it. After this, Thomas claimed to control the property, until April, 1844, when, not being able to comply with the terms of the purchase, he gave it up to the plaintiff.

The plaintiff soon after requested the defendant to leave the house, saying that he had paid no rent; but the defendant refused to go; and on the 2d day of July, 1844, the plaintiff caused him to be served with a notice to quit on the 10th.

The defendant objected to the further proceedings of the plaintiff, upon the ground that the notice did not assign the reason upon which the plaintiff assumed to terminate the defendant's occupancy, which he insisted was necessary for him to do within the meaning of the statute. He also objected, because the evidence failed to show the relation of landlord and tenant between the parties. Both objections were overruled by the court.

The defendant then offered evidence to prove that while Thomas Russell claimed to exercise the control of the Bickford lot, as stated, a dispute arose between him and the defendant about the line between that lot and lot No. 7, claimed by the defendant, and that they referred the dispute to arbitrators, who decided that the true line left the house in question upon lot No. 7; that Thomas, before the writings were made, informed the plaintiff that he had agreed so to refer the question, and the plaintiff

replied that it was "of no use, and that he had no right to make such an agreement; for Allard did not own the land, and that he could not gain any thing in that way, and that it would make cost for nothing."

It further appeared, that at the hearing before the referees the plaintiff was present, having been summoned by Thomas as a witness; but his testimony was rejected upon an objection being taken, upon the ground of his having an interest in the cause. He took no further part in the arbitration, and was not heard to object.

The defendant contended that his thus being present, without making an objection, made the arbitration and its result binding upon him. But the court instructed the jury that it was competent for them, upon all the evidence, to decide whether or not the plaintiff did assent to the reference of the matter in dispute; and instructed them that if he did so assent he was bound by the award.

The jury returned a verdict for the plaintiff, and the defendant moved to set the same aside and for a new trial, on account of the supposed errors in the rulings and instructions above set forth.

*Lyford*, for the defendant.

*Eastman*, for the plaintiff.

WOODS, J. Three questions are presented in this case:

1. As to the notice to quit, which it is said ought to have assigned a reason for terminating the relation of landlord and tenant. The statute, in defining the cases in which seven days notice to quit shall authorize the landlord to proceed in the manner which it points out, does not require that the notice should indicate to the tenant upon which particular one the landlord proposes to found his claim to possession. The complainant must, at the trial, show that he has the right of present posses-

sion, and that he has given seven days notice of his intention to assert that right; and that is all the statute requires. For any thing that appears in the exception, the notice was well.

2. The defendant went in and occupied by the permission of the plaintiff, and as his tenant. This relation he cannot cast off at his pleasure. Indeed, he is holden to it so long as his occupancy continues, unless something intervenes to disturb it; as, for instance, the determination of the estate of the landlord, either by its own limitation, or by occurrences that are effectual in law to terminate such estate as the landlord held. *Doe* v. *Rumsbottom*, 3 M. & S. 516; *England* v. *Slade*, 4 T. R. 682.

By entering into the relation of tenant the party admits the title of the landlord, and the admission enures to the benefit of any parties to whom it may pass from the landlord so acknowledged.

In this case, indeed, the title of the landlord did not pass from him. Thomas Russell was permitted to use it for certain purposes, by virtue of an arrangement to purchase it. But he did not carry into effect the intended purchase, and the fact that he had for a time possession of the lot, except that part which the defendant occupied, does not appear to be material.

Even if his possession was such that the tenant could have been regarded, during its continuance, as the tenant of Thomas Russell, that possession was always subordinate to the plaintiff's title, and was eventually restored to him. In any view that can be taken of these several transactions, it is clear that the relation of the defendant, as tenant to the plaintiff, was kept in existence until the bringing of the complaint.

3. The jury were properly instructed to inquire upon the evidence whether the plaintiff acquiesced in the submission of the dispute to the arbitrators. There are circumstances in which one who silently sees others treating

together for property that belongs to him, is precluded from afterwards claiming it. A man may submit, by parol, to arbitration a question of boundary, and without being actively a party himself to the submission, may so conduct himself as to be estopped from ever disputing the award. But acquiescence is not an inference that is necessary to be made in all cases from silence and inactivity.

The question was one peculiarly fit for a jury to consider, and there was no error in leaving it to them.

The exceptions cannot be sustained, and there must be
*Judgment on the verdict.*